UNITED STATES DISTRICT
COURT
DISTRICT OF MARYLAND

| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES DISTRICT<br>JUDGE | 101 WEST LOMBARD<br>STREET<br>BALTIMORE,<br>MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |
|---|---|

October 5, 2023

LETTER TO COUNSEL

    RE:   *Sherry W. v. Commissioner, Social Security Administration*
           Civil No. SAG-22-3334

Dear Counsel:

    On December 23, 2022, Plaintiff Sherry W. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' dispositive briefs and Plaintiff's reply. ECFs 16, 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

    Plaintiff filed her claim for benefits on December 10, 2019, alleging a disability onset date of February 1, 2019. Tr. 60–67. Plaintiff's last date insured was June 30, 2021. Tr. 13. Her claim was denied initially and on reconsideration. Tr. 60–61, 77. On April 12, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 27–59. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9–26. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

    The ALJ found that Plaintiff suffered from the severe impairments of obesity and lumbar spine degenerative disc disease, as well as the non-severe impairments of hypertension, hyperlipidemia, lower extremity edema, opioid dependence, and left knee degenerative joint disease. Tr. 15. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) except the claimant could frequently climb ramps and stairs, stoop, crouch, kneel, and crawl; could occasionally climb ladders, ropes, or scaffolds; and she was limited to occasional exposure to extreme cold, wetness, vibration, and hazards of unprotected heights and dangerous, unguarded machinery.

Tr. 17.  The ALJ determined that Plaintiff the claimant "was capable of performing past relevant work as a composite job as a cook, fast food and as a deli counter worker."  Tr. 21.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 22.

Plaintiff raises three arguments on appeal, specifically that the ALJ erroneously: (1) failed to develop the medical record; (2) failed to properly evaluate medical opinions contained in Plaintiff's record; and (3) failed to properly evaluate Plaintiff's knee impairment and account for that impairment in the RFC.  ECF 16, at 2, 9.

Although Plaintiff's third claim is couched as an argument that the ALJ erred in failing to determine that Plaintiff's knee impairment was severe, the root of this argument is that "[r]emand is required in order for the ALJ to further consider the severity of [Plaintiff's] knee impairment, and its impact on her RFC in conjunction with her already established severe obesity and back impairment."  ECF 16, at 9.  Plaintiff contends that, contrary to the ALJ's RFC assessment, she is incapable of completing her past relevant work at the medium level, which would require that Plaintiff be able to "lift 25 pounds frequently, lift fifty pounds occasionally, and stand/walk a total of six hours during an eight-hour workday."  *Id.* at 8–9.  While the ALJ considered Plaintiff's presented statements and medical evidence, the ALJ failed to adequately explain how this evidence supported a determination that Plaintiff could perform medium work and "frequently climb ramps and stairs, stoop, crouch, kneel, and crawl."  Tr. 17.  Thus, remand is required.

An ALJ must describe her analysis in sufficient detail for this Court to evaluate whether or not the ALJ's conclusions were supported by substantial evidence.  *See See v. Washington Metro. Area Transit Auth.,* 36 F.3d 375, 384 (4th Cir.1994) (observing that an ALJ's decision is statutorily required to include discussion of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record"); *see also Schoofield v. Barnhart,* 220 F.Supp.2d 512, 519 (D.Md.2002) (finding it "clear that an ALJ has a duty to explain the basis for his decision").  In particular, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it."  *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (alteration in original) (citation omitted).  Therefore, an ALJ must not only identify the evidence that supports her conclusions, but she must also build a "logical bridge" from that evidence to her conclusions.  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Here, the ALJ spent several pages recounting the evidence of record relating to Plaintiff's impairments, but failed to explain how this evidence supports the RFC.  *See* Tr. 17–19.  The ALJ's only apparent attempt to provide the requisite "logical bridge" between the evidence and the RFC comes in the form of one conclusory paragraph:

> In sum, the undersigned limited the claimant to medium work, with the postural and environmental limitations in the above RFC, which account for the combined effect of the claimant's impairments on her overall functioning. The evidence on file does not support the extent of the claimant's alleged loss of functioning during the period at issue in this decision. The claimant received only conservative treatment from the alleged onset date through the date last insured. The imaging of her lumbar spine and left knee do not support her allegations. Additionally, physical examinations do not consistently document lower extremity edema. The claimant's reported activities of daily activities further support that the claimant can perform work within the above RFC.

Tr. 19. Yet this paragraph falls well short of the level of explanation required to provide for meaningful review of the ALJ's reasoning. *See Lawson v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-14-2202, 2015 WL 660827 at *2 (D. Md. Feb. 13, 2015) (finding remand was warranted when the ALJ's "evaluation of the evidence was sufficient to explain why the ALJ did not credit [the claimant's] claims that he has no use of his right arm/hand [but failed to] adequately explain why the evidence instead supported a determination that [the claimant] could frequently finger and handle with his right hand" as stated in the RFC).

It is clear that the ALJ found that Plaintiff's impartments were not as severe as Plaintiff alleged, but it is unclear how the ALJ determined that that Plaintiff could perform medium work as opined in the RFC. The ALJ several times cited to Plaintiff's "activities of daily living," such as occasionally caring for her grandchildren, gardening, and performing personal care activities, *see, e.g.,* Tr. 17, 20, 21, but did "not explain how evidence of any of these activities leads to the conclusion" that Plaintiff had the RFC to perform medium work and frequently stoop, crouch, kneel, and crawl through the last date insured. *Jennifer F. v. Kijakazi*, Civ. No. BAH-22-209, 2022 WL 17584916, at *3 (D. Md. Dec. 12, 2022).

The ALJ followed a similar pattern in evaluating Plaintiff's medical records. While the ALJ repeatedly noted Plaintiff's conservative treatment for her impairments, she again failed to explain how this observation supports the determination Plaintiff could have performed work at the level described in the RFC during the relevant period. *See* Tr. 17–21. The ALJ also noted various medical documents reflecting that Plaintiff had "normal gait," "normal strength," and a lack of "persistent lower extremity edema." *See* Tr. 18–20. The ALJ simultaneously acknowledged, however, medical evidence that showed that Plaintiff experienced "swelling in her left foot up to her knee and in her right foot," "1+ putting edema at the ankle and lower part of her leg," "mild lower extremity edema," "soft tissue swelling around the patella and a probable suprapatellar joint effusion," and "osteoarthritis in the left knee." *See* Tr. 17–21. Even after the ALJ found that the evidence did not support the severity of limitations claimed by Plaintiff, it is unclear how she determined that Plaintiff's limitations were so minimal as to permit her to frequently lift up to 25 pounds, stand or walk six hours out of an eight-hour day, and "frequently climb ramps and stairs, stoop, crouch, kneel, and crawl." Tr. 17; SSR 83-10, 1983 WL 31251, at

*6 (S.S.A. Jan. 1, 1983) (defining medium work).  Accordingly, I cannot conclude that the ALJ's RFC assessment was supported with substantial evidence, and remand is warranted.[1]

Because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's failure to: (1) appropriately develop the record or (2) properly evaluate the medical opinions contained in the record.  On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis, pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge

---

[1] The lack of explanation regarding the determination of Plaintiff's RFC is especially troubling given the vocational expert's testimony at the hearing that an RFC limiting Plaintiff to light work or an RFC that included a limitation requiring a "sit/stand option" would have precluded Plaintiff from performing her past relevant work.  Tr. 57–58.  Based on the ALJ's finding in the RFC that the Plaintiff could perform medium work, however, the ALJ determined that Plaintiff was capable of performing her past relevant work during the alleged period of disability.  Tr. 21.  As a result of this finding, the ALJ terminated her analysis at step four and concluded that Plaintiff was not disabled during the relevant period.  Tr. 21–22.